## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SLASH CREEK WATERWORKS, INC., <br> J & C CHARTERS, LLC, <br> TILMAN GRAY d/b/a AVON SEAFOOD, <br> ANTONIO GIAMBANCO, and <br> J. RYAN SPECKMAN, <br><br> *Plaintiffs* <br><br> v. <br><br> GINA M. RAIMONDO, in her official capacity as <br> Secretary of Commerce, and NATIONAL <br> MARINE FISHERIES SERVICE, <br><br> *Defendants* | Civil Action No. 23-1755 (RC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION TO SCHEDULE HEARING
PURSUANT TO 16 U.S.C. § 1855(f)(4)**

### I.      Applicable Law

The judicial review section of the Magnuson-Stevens Fishery Conservation and

Management Act states: "Upon a motion by the person who files a petition under this subsection,

the appropriate court shall assign the matter for hearing at the earliest possible date and shall

expedite the matter in every possible way." 16 U.S.C. § 1855(f)(4).

Congress included this provision as part of a compromise for judicial review of fishery

management actions. The Act makes preliminary injunctions generally unavailable to plaintiffs,

*see* 16 U.S.C. § 1855(f)(1)(A), but in exchange, it "trades preliminary relief for expedited

review." *Blue Water Fishermen's Ass'n v. Nat'l Marine Fisheries Serv.*, 158 F. Supp. 2d 118, 124 (D. Mass. 2001). *See also North Carolina Fisheries Ass'n v. Gutierrez*, 518 F. Supp. 2d 62, 70, 72 (D.D.C. 2007) (noting case was expedited under 16 U.S.C. § 1855(f)(4)); *Wild Fish Conservancy v. Thom*, No. C20–417 (W.D. Wash. Mar. 31, 2021) (order granting expedited status); *Loper Bright Enters., Inc. v. Raimondo*, 544 F. Supp. 3d 82, 98 (D.D.C. 2021) (noting motion to expedite under 16 U.S.C. § 1855(f)(4) was granted).

## II.     Procedural History

Plaintiffs filed suit in this case on June 16, 2023, challenging a temporary rule establishing the South Atlantic red snapper fishing seasons for 2023, as well as the regulations implementing Amendment 43—the fishery management plan amendment on which the 2023 temporary rule was based. Briefing was completed and the joint appendix was filed by January 26, 2024. While Plaintiffs did reference the Magnuson-Stevens Act's provision for expedited consideration, *see* ECF No. 11 at 2, they did not file a formal motion for expedited procedures. Up to that point, Amendment 43 had been implemented in a nearly identical fashion each year, and this appeared reasonably likely to continue going forward.

On June 14, 2024, Defendants promulgated an interim rule temporarily revising the annual catch limit for South Atlantic red snapper, and establishing directed fishing seasons for 2024. *See* 89 Fed. Reg. 50,350. Plaintiffs supplemented their complaint to address the 2024 rule, *see* ECF No. 26-3, and the parties currently are addressing the relevance of the new rule through supplemental briefing under a revised scheduling order from the Court, *see* ECF No. 25, ECF No. 30.

## III.  Argument

Without expedited procedures, judicial review of fishery management actions can be difficult and ineffective. The regulatory landscape changes continuously, with new management measures issued annually or at even shorter intervals. By the time a lawsuit is briefed and argued—under the ordinary timing of federal civil litigation—the challenged regulation may have been superseded or changed. For this reason, the Magnuson-Stevens Act provides for hearings "at the earliest possible date," and asks the federal courts to "expedite [] in every possible way" judicial review of fishery management actions. 16 U.S.C. § 1855(f)(4).

The instant case illustrates precisely the dynamic Congress was concerned with, when it provided for expedited judicial review under the Magnuson-Stevens Act. Plaintiffs filed suit over a year ago, and briefing was completed this past January. But due to revised regulations in the South Atlantic red snapper fishery, the parties have had to re-brief the issues in the case— expending further resources on the litigation and adding an extra layer of complexity for the Court in resolving the merits.

At this point, briefing is scheduled to be completed by the end of September, with the joint appendix filed on October 4, 2024. Plaintiffs urge the Court to schedule a hearing "at the earliest possible date" thereafter, pursuant to 16 U.S.C. § 1855(f)(4), so as to maximize the chances of judicial resolution of the case before any new regulatory changes arrive.  Doing so would respect Congress's request that the courts expedite judicial review cases under the Magnuson-Stevens Act, and would help to avoid further cycles of revised red snapper regulations, supplemented complaints, and re-briefing.

For the foregoing reasons, and consistent with the attached Proposed Order, Plaintiffs respectfully request that the Court grant their Unopposed Motion to Schedule Hearing Pursuant to 16 U.S.C. § 1855(f)(4), and place on the Court's calendar a hearing on the merits for this case at the earliest possible date after the close of briefing.


Dated:  August 23, 2024                    Respectfully submitted,

                                           /s/ Seth Atkinson
                                           Seth L. Atkinson (Bar ID CA00190)
                                           Quillback Consulting
                                           348 Nobel Drive
                                           Santa Cruz, CA 95060
                                           (203) 331-2792
                                           seth@quillbackconsulting.com

                                           *Attorney for Plaintiffs*